## MEDIATED SETTLEMENT AGREEMENT AND GENERAL RELEASE

1. **The Parties.** The parties to this Mediated Settlement Agreement and General Release (the "**Agreement**") are Plaintiff **KARLA J. GUERRERO**, her heirs, representatives, agents, attorneys, successors and assigns (collectively, "**Plaintiff**"); and **ISLAS CANARIAS SOUTH, INC.**, its affiliated companies, subsidiaries, parent companies, officers, directors, representatives, agents, shareholders, attorneys, managers, executives, employees, successors, and assigns (collectively, "**Defendant**").

2. **Plaintiff's General Release.** In consideration for the promises contained in this Agreement, Plaintiff unconditionally releases and discharges Defendant, and, without limitation, its predecessors, successors, parents, owners, shareholders, subsidiaries, divisions, franchisors, franchisees, and affiliates, and all of each such entities' officers, directors, shareholders, employees, insurers, agents, attorneys or assigns, in their individual and representative capacities (collectively, the "**Released Parties**"), from any and all claims, demands, liabilities, and causes of action, whether known or unknown, or suspected or unsuspected, which Plaintiff now owns or holds, or has owned or held against any of the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with, Plaintiff's employment with, or the separation of her employment with, the Released Parties, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of any of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Employee Retirement Income Security Act; the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; Workers' compensation retaliation claims (§ 440.205, Fla. Stat.); the Florida Private Whistle-blower's Act; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. Included in the claims, demands, liabilities, and causes of action being released and discharged are all claims under the Fair Labor Standards Act ("**FLSA**"). This Release includes all claims which were, or could have been, asserted in the lawsuit styled KARLA J. GUERRERO v. ISLAS CANARIAS SOUTH, INC., Case No. 17-20494-CIV-UNGARO/OTAZO-REYES, currently pending before the U.S. District Court for the Southern District of Florida (the "**Litigation**"), or in any other litigation and/or charge of discrimination which could be brought against the Released Parties by Plaintiff for any claim.

3. **Defendant's General Release.** In consideration for the promises contained in this Agreement, Defendant unconditionally releases and discharges Plaintiff from any and all claims, demands, liabilities, and causes of action, whether known or unknown, or suspected or unsuspected, which Defendant now owns or holds, or has owned or held against Plaintiff prior to the date of this Agreement.

4. **No Admission of Wrongdoing.** By entering into this Agreement, Defendant does not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted, and expressly denies any and all such liability. The existence and execution of this Agreement shall not be considered, and shall not be admissible in any proceeding as an admission by Defendant of any liability, error, violation, or omission.

5. **Dismissal of Litigation.** Within three (3) business days of receipt by Defendant's counsel of a fully executed copy of this Agreement, the Parties will file a Joint Motion for Approval of Settlement Agreement and to Dismiss all claims with Prejudice in the Litigation.

6. **Settlement Sum.** In exchange for the promises made by Plaintiff and execution of this Agreement, Defendant agrees to pay **Ten Thousand Dollars ($10,000.00)** (the "**Settlement Sum**") in full satisfaction of any and all Plaintiff's claims, including, but not limited to those claims for wages, overtime pay, damages (including, but not limited to, Plaintiff's claims under the FLSA), attorneys' fees, and costs in the Litigation. Defendants shall mail or deliver the Settlement Sum to Plaintiff's counsel Eddy Marban, Esq., counsel to Plaintiff, within ten (10) calendar days after the Court dismisses the Litigation with prejudice. The Settlement Sum shall be payable as follows:

(a) To Plaintiff, the sum of **SIX THOUSAND DOLLARS ($6,000),** less applicable taxes, as wages, in the form of a check payable to Plaintiff; Defendants shall issue an IRS Form W-2 to Plaintiff for this amount; and

(b) The sum of **FOUR THOUSAND DOLLARS ($4,000),** in the form of a check made payable to Eddy O. Marban, P.A., as attorneys' fees and costs. Defendants will issue IRS Form 1099 to Plaintiff's lawyer for this payment.

These payments are conditioned upon the provision to Defendant's counsel of IRS Forms W-9. The Parties agree that no other monies are due to Plaintiff or her attorneys in connection with the settlement of all claims and the Litigation.

Plaintiff agrees that she is responsible for all applicable taxes as a result of the receipt of these monies. Plaintiff understands and agrees that Defendant is providing no representations regarding tax obligations or consequences that may arise from this Agreement. Plaintiff shall reimburse and indemnify Defendant for any taxes or penalties incurred by Defendant as a result of any nonpayment by Plaintiff of such Plaintiff's portion or contribution of any taxes on the Settlement Sum.

7. **Representation**. Plaintiff agrees that this Agreement is a fair and reasonable resolution of her claims for unpaid wages and overtime wages under the FLSA and other laws, and her agreement not to bring or pursue any other actions under the FLSA. Plaintiff agrees that the payments made under this Agreement are in excess of all minimum wage and overtime wages that she claims are allegedly owed to her, and

that such payments provide her with additional consideration to which she would otherwise not be entitled. The Settlement Sum is in full satisfaction of all attorneys' fees, costs, and claims which Plaintiff asserts or could assert against Defendant, and the Parties agree that no other monies are due to Plaintiff or her attorneys in connection with this Agreement. Should the Court revise the distribution of the Settlement Sum between Plaintiff and/or her counsel, the total of the Settlement Sum will remain the same.

8. **Waiver of Reinstatement or Other Relationship.** Plaintiff hereby agrees that she waives reinstatement, and agrees not to seek future employment or any other business relationship, with any of the Released Parties. Any employment application, offer of employment, and/or attempt to do business with any of the Released Parties may be denied pursuant to this Agreement.

9. **Applicable Law.** This Agreement is made and entered in the State of Florida, and in all respects shall be interpreted, enforced and governed by and construed according to the laws of Florida. Should any party to this Agreement be required to enforce the terms of this Agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to its reasonable attorney fees and costs.

10. **Representation by Plaintiff.** Plaintiff represents that, as of the date that this Agreement is executed, she is not aware of any additional claims that she may have against any of the Released Parties and hereby Plaintiff certifies that she has not filed any claim (except the Litigation released herein), and does not intend to file any claims, demands, liabilities, and causes of action against any of the Released Parties for actions that occurred prior to the date of this Agreement, related to her employment, and/or involving her employment, other than claims to enforce this Agreement.

11. **Enforcement and Severability.** This Agreement must be approved by the Court. In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law. Fees and Costs shall be awarded for any party who is proven to have breached any provision herein.

12. **Entire Agreement and Waiver.** This Agreement contains the entire agreement between Plaintiff and Defendant, and supersedes all other agreements, written or oral, between them. All parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties herein. The failure of any party to enforce any of the provisions of this Agreement, at any time, shall not be deemed or construed to be a waiver of any such provisions, nor to in any way affect the validity of this Agreement or any provision hereof or the right of either of the Parties to thereafter enforce each and every provision of this Agreement. Plaintiff also acknowledges that she has not relied on any representation, promise, or agreement of any kind made in connection with the decision to sign this Agreement, except for those set forth in this Agreement.

13. **ADEA and Voluntariness**. This General Release includes, but is not limited to, all claims under the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act. Plaintiff agrees that the Settlement Sum exceeds any unpaid wages that are owed to her and provides additional consideration to which she is not entitled. Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendant to consult with an attorney before signing the Agreement, that Plaintiff has been given at least twenty-one (21) calendar days to review and consider the provisions of this Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

14. **Revocation Period.** Plaintiff understands and acknowledges that she has seven (7) calendar days following her execution of this Agreement to revoke her acceptance of the Agreement (the "**Revocation Period**") and that this Agreement shall not become effective or enforceable until the Revocation Period has expired. The revocation must be received by counsel for Defendant during the Revocation Period. In addition, Plaintiff understands and acknowledges that no monies will be paid under the terms of this Agreement until the end of the Revocation Period.

15. **Mediation Costs.** Defendant will be pay for mediator's fees and expenses.

16. **Counterparts.** This Agreement may be executed in counterparts, fax and email copies, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the Plaintiff and Defendant knowingly and voluntarily executed this Agreement during mediation as of the date set forth below:

| KARLA J. GUERRERO | ISLAS CANARIAS SOUTH, INC |
|---|---|
| By: _[signature]_ | By: _[signature]_ |
| Karla J. Guerrero | Nancy Andrade, President |
| Date: 4-13-17 | Date: 4/13/17 |

MIADOCS 14656046 1